IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

STATE OF GEORGIA, COUNTY
OF DEKALB,

        **Plaintiff,**

   v.                                                                1:16-cv-03937-WSD

**JEREMY JERMAINE DAVIS,**

        **Defendant.**

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Walter E. Johnson's Final Report and Recommendation [3] ("R&R"), recommending this action be dismissed for want of prosecution.

**I.   BACKGROUND**

On October 21, 2016, Defendant Jeremy Jermaine Davis ("Defendant") filed an application to proceed *in forma pauperis* [1] ("IFP Application").  On October 24, 2016, the Magistrate Judge determined that Defendant's IFP Application was insufficient for the Court to determine if Defendant is indigent. ("October 24th Order" [2]).  The Magistrate Judge ordered Defendant to "submit an accurate, completed form application to proceed IFP and affidavit of indigence, or submit the full removal filing fee of $400.00 within thirty (30) days of the date

of this Order." (Id. at 2). The Magistrate Judge warned Defendant that "[f]ailure to comply with this Order will result in a recommendation that this case be dismissed for failure to prosecute. See N.D. Ga. R. 41.3(A)(2)." (Id.). Defendant did not respond to the Magistrate Judge's Order.

On December 2, 2016, the Magistrate Judge issued his R&R. In it, he recommends that the Court dismiss this action for Defendant's failure to comply with the October 24th Order. Defendant did not file any objections to the R&R, and has not otherwise taken any action in this matter.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). No party objects to the R&R, and the Court thus conducts a plain error review of the record. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

### B.   Analysis

Under Local Rule 41.3(A)(2), "[t]he court may, with or without notice to the parties, dismiss a civil case for want of prosecution if: . . . [a] plaintiff . . . shall,

after notice, . . . fail or refuse to obey a lawful order of the court in the case." L.R. 41.3(A)(2), NDGa.

Defendant failed to comply with the October 24th Order after being advised that failure to comply would result in a recommendation that the Court dismiss this action. The Magistrate Judge recommends this action be dismissed for Defendant's failure to comply with the Court's order. The Court finds no plain error in this finding and recommendation. Slay, 714 F.2d at 1095. Accordingly, this action is dismissed pursuant to Local Rule 41.3(A)(2).

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Walter E. Johnson's Final Report and Recommendation [3] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** pursuant to Local Rule 41.3(A)(2) for failure to comply with a lawful order of the Court.

**SO ORDERED** this 4th day of January, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE